UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN LAVERN EDDINGTON, JR.,<br><br>Plaintiff,<br><br>v.<br><br>K. JACKSON, J. SMITH, P. ROGAN, M. MONTOYA, B. RODRIGUEZ, C. GONZALES, M. JOHNSON, and S. MAGDALENO,<br><br>Defendants. | Case No. 1:21-cv-01165-HBK (PC)<br><br>ORDER TO SHOW CAUSE<br><br>SEPTEMBER 18, 2023, DEADLINE |

Plaintiff Melvin Eddington, a state prisoner, initiated this action by filing a pro se civil rights complaint under 42 U.S.C. § 1983. (Doc. No. 1, "Complaint"). On July 13, 2023, the undersigned screened Plaintiff's Complaint and found it stated a cognizable Eighth Amendment excessive force claim against Defendants Jackson, Smith, Rogan, Montoya, Rodriguez, Gonzalez, Johnson, and Magdaleno in their individual capacities but failed to state any other claim. (*See generally* Doc. No. 9). The Court directed Plaintiff to deliver to correctional officials for mailing no later than August 14, 2023: (1) an amended complaint; (2) a notice under Rule 41 that he intends to stand on the Complaint as screened thereby voluntarily dismissing the Fourteenth Amendment and official capacity claims; or (3) a notice that he intends to stand on his Complaint. (*Id*. at 9 ¶ 1). The Court expressly warned Plaintiff that if he "fails to timely comply with this Court Order or seek an extension of time to comply, the Court will recommend the district court

dismiss this action for Plaintiff's failure to comply with this Court Order and prosecute this action." (*Id*. at ¶ 2). Enough time has passed to account for mailing from the August 14, 2023 deadline[1] and Plaintiff has not elected any of the three options or otherwise moved for an extension of time. (*See generally* docket).

Federal Rule of Civil Procedure 41(b) permits courts to involuntarily dismiss an action when a litigant fails to prosecute an action or fails to comply with a court order. *See* Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889 (9th Cir. 2019) (citations omitted); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[T]he consensus among our sister circuits, with which we agree, is that courts may dismiss under Rule 41(b) *sua sponte*, at least under certain circumstances."). Local Rule 110 similarly permits courts to impose sanctions on a party who fails to comply with a court order. The Court will construe Plaintiff's failure to respond to this Order as his intention to abandon this action.

Accordingly, it is hereby **ORDERED**:

**No later than September 18, 2023**, Plaintiff shall deliver to correctional officials for mailing, his response to the Court's July 13, 2023 Order, or show cause why the Court should not recommend that this case be dismissed without prejudice for Plaintiff's failure to prosecute this action and/or his failure to timely comply with the Court's July 13, 2023 Order.

Dated:   August 29, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

---

[1] Fourteen (14) days has elapsed from the deadline.