UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN LAVERN EDDINGTON,<br><br>Plaintiff,<br><br>v.<br><br>KELVIN JACKSON, et al.,<br><br>Defendants. | Case No. 1:21-cv-01165-HBK (PC)<br><br>ORDER STRIKING IMPROPER PLEADING<br><br>(Doc. No. 15)<br><br>ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT, STAND ON ORIGINAL COMPLAINT, OR FILE VOLUNTARY DISMISSAL[1]<br><br>DECEMBER 11, 2023 DEADLINE |

    Pending before the Court for screening under 28 U.S.C. § 1915A is the amended pro se civil rights complaint filed under 42 U.S.C. § 1983 by Melvin LaVern Eddington—a prisoner. (Doc. No. 15, "FAC").  On July 13, 2023, the Court screened Plaintiff's original Complaint and found that it stated cognizable Eighth Amendment excessive use of force claim against Defendants Jackson, Smith, Rogan, Montoya, Rodriguez, Gonzalez, Johnson, and Magdaleno, but no other claims.  (Doc. No. 9).  Plaintiff was afforded the option to either file an amended complaint, file a notice to proceed only on his claims deemed cognizable, or stand on his Complaint subject to the Court recommending the district court dismiss any remaining Defendants and claims deemed not cognizable.  (*Id*. at 1-2).  Plaintiff timely filed a FAC.  (Doc.

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

No. 15). Three days later, Plaintiff filed a Notice to Proceed on his cognizable Eighth Amendment claims. (Doc. No. 16).

Upon review of the FAC, the Court notes that it exceeds the length permissible under the Local Rules and fails to comply with Rule 8 of the Federal Rules of Civil Procedure. (*See id.*). Rule 8 states that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). To ensure compliance with Rule 8, courts of the Eastern District of California generally limit complaints to twenty-five pages. *See Lal v. United States*, 2022 WL 37019, at *2 (E.D. Cal. Jan. 3, 2022); *Williams v. Corcoran State Prison*, 2022 WL 1093976, at *1 (E.D. Cal. Apr. 12, 2022). The page limit includes the complaint itself and any exhibits, for a total of twenty-five pages. *See Rivas v. Padilla*, 2022 WL 675704, at *2 (E.D. Cal. Mar. 7, 2022). "[A] lengthy complaint can violate Rule 8 if a defendant would have difficulty responding to the complaint." *Skinner v. Lee*, 2021 WL 6617390, *2-*3 (C. D. Cal. May 20, 2021) (citing *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011). A district court has the power to dismiss a complaint when a plaintiff fails to comply with Rules 8's pleading directives. *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996); *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir. 1981). Plaintiff's FAC numbers 125 pages, including 69 pages of exhibits. It fails to set forth claims in "short and plain" statements, and thus violates Rule 8. *See Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (recognizing that Rule 8 can be violated when the plaintiff provide too much information). The Court will therefore strike it as an improper pleading.

Contradictorily, soon after filing his FAC Plaintiff filed a Notice to Proceed (Doc. No. 16), which appears to reflect Plaintiff's intent to proceed on the Eighth Amendment claims found cognizable by the Court in its July 13, 2023 Screening Order. The Court will therefore direct Plaintiff to clarify his intentions **by December 11, 2023**, and either (1) re-file a first amended complaint in compliance with Rule 8; (2) file a notice confirming that he wishes to proceed on his original Complaint as screened, thereby dismissing any remaining claims and Defendants as explained by the Court in its July 13, 2023 Screening Order ; or (3) file a notice of voluntary dismissal under Rule 41.

////

Accordingly, it is ORDERED:

1. The Clerk of Court is directed to STRIKE Plaintiff's First Amended Complaint (Doc. No. 15).

2. **No later than December 11, 2023:** Plaintiff must elect one of three aforementioned options and deliver to correctional officials for mailing: (a) a First Amended Complaint; (b) a Notice to proceed only on those claims deemed cognizable in the Court's July 13, 2023 Screening Order, thereby voluntarily dismissing any remaining claims and Defendants; or (c) file a Notice of Voluntary Dismissal under Rule 41.

3. If Plaintiff fails to timely comply with this Court Order or seek an extension of time to comply, the Court will recommend that the district court dismiss this action for Plaintiff's failure to comply with this Court Order and prosecute this action.

4. The Clerk of Court shall include a blank civil rights complaint form for Plaintiff's use as appropriate.

Dated: October 31, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3