UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN LAVERN EDDINGTON JR., | Case No. 1:21-cv-01165-HBK (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL |
| v. | |
| KELVIN JACKSON, et al., | (Doc. No. 31) |
| Defendants. | |

Pending before the Court is Plaintiff's motion for appointment of counsel filed on February 1, 2024.  (Doc. No. 31).  Plaintiff, Melvin Eddington Jr., a prisoner, is proceeding pro se and *in forma pauperis* on his civil rights complaint alleging an Eight Amendment excessive use of force claim against various correctional officers in their individual capacities arising out of an incident that occurred at Wasco State Prison on July 31, 2019.  Plaintiff seeks appointment counsel due to his indigent, incarcerated, and restricted housing status, his limited education, his belief the issues are complex, and his inability to obtain counsel on his own.

At the outset, the United States Constitution does not require appointment of counsel in civil cases.  *See Lewis v. Casey*, 518 U.S. 343, 354 (1996) (explaining *Bounds v. Smith*, 430 U.S. 817 (1996), did not create a right to appointment of counsel in civil cases).  Under 28 U.S.C. § 1915, this court has discretionary authority to appoint counsel for an indigent individual to commence, prosecute, or defend a civil action.  *See* 28 U.S.C. § 1915(e)(1) (stating the court has

authority to appoint counsel for people unable to afford counsel); *see also United States v. McQuade*, 519 F.2d 1180 (9th Cir. 1978) (addressing relevant standard of review for motions to appoint counsel in civil cases) (other citations omitted).  The Court grants motions to appoint counsel in civil cases only in "exceptional circumstances." *Id.* at 1181.  Factors the court considers when determining if exceptional circumstances warrant appointment of counsel are many and include, *inter alia*, proof of indigence, the likelihood of success on the merits, and the ability of the plaintiff to articulate his claims *pro se* considering the complexity of the legal issues involved.  *Id.*; *see also Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds on reh'g en banc*, 154 F.2d 952 (9th Cir. 1998).

Plaintiff has not met his "burden of demonstrating exceptional circumstances.*" Jones v. Chen*, 2014 WL 12684497, at *1 (E.D. Cal. Jan. 14, 2014).   Plaintiff's indigence does not qualify "as an exceptional circumstance in a prisoner civil rights case." *Montano v. Solomon*, 2010 WL 2403389, at *2 (E.D. Cal. June 11, 2010); *Callender v. Ramm*, 2018 WL 6448536, at *3 (E.D. Cal. Dec. 10, 2018).  Further, Plaintiff's claim that he lacks legal skills or has a limited education "are typical of almost every *pro se* prisoner civil rights plaintiff and alone" are insufficient to satisfy the "exceptional circumstances" standard required to justify appointment of counsel.  *Torres v. Jorrin*, 2020 WL 5909529, at *1 (S.D. Cal. Oct. 6, 2020)(quoting *Thompson v. Paramo*, No. 16CV951-MMA (BGS), 2018 WL 4357993, at *1 (S.D. Cal. Sept. 13, 2018)); *see also Jones v. Kuppinger*, 2015 WL 5522290, at *3-4 (E.D. Cal. Sept. 17, 2015) ("Circumstances common to most prisoners, such as a deficient general education, lack of knowledge of the law, mental illness and disability, do not in themselves establish exceptional circumstances warranting appointment of voluntary civil counsel.").

While Plaintiff's access to a law library may be restricted, "[p]risoners have a right to meaningful access to the courts, but there is no absolute right to use a prison law library." *Springfield v. Khalit*, 2018 WL 5980155, at *3 (E.D. Cal. Nov. 14, 2018) (*citing Lewis v. Casey*, 518 U.S. 343, 346 (1996)).  And contrary to Plaintiff's assertion, the Court does not find that the issues are "so complex that due process violations will occur absent the presence of counsel." *Bonin v. Vasquez*, 999 F.2d 425, 428–29 (9th Cir. 1993).  Nor is Plaintiff's inability to find

counsel "a proper factor for the Court to consider in determining whether to request counsel." *Howard v. Hedgpeth*, 2010 WL 1641087, at *2 (E.D. Cal. Apr. 20, 2010).

Furthermore, Defendants recently filed a motion to stay this action before any discovery has been undertaken due to Plaintiff's parallel criminal prosecution (Kern County Superior Court Case No. DF015108A) stemming from the same alleged facts. Consequently, due to this development, it is difficult for the Court to determine Plaintiff's likelihood of success on the merits. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *see also Reed v. Paramo*, 2020 WL 2767358, at *1 (S.D. Cal. May 28, 2020) (holding it was too early to determine plaintiff's likelihood of success on the merits before fact discovery has been completed).

Accordingly, it is ORDERED:

Plaintiff's motion for appointment of counsel (Doc. No. 31) is DENIED.

Dated:   February 12, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3