UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN EDDINGTON JR.,<br><br>    Plaintiff,<br><br>    v.<br><br>KELVIN JACKSON, et al.,<br><br>    Defendants. | Case No. 1:21-cv-01165-HBK (PC)<br><br>ORDER GRANTING MOTION TO STAY AND DIRECTING DEFENDANT TO FILE STATUS REPORT NO LATER THAN MARCH 15, 2024<br><br>(Doc. No. 29) |

Pending before the Court is Defendants' Motion to Stay this action pending resolution of a parallel criminal case in Kern County Superior Court arising from the same events giving rise the claims in Plaintiff's operative complaint.[1] (Doc. No. 51). Plaintiff did not file any opposition and the time to do so has expired. *See* L.R. 230(l); *see* docket.

The court is vested with broad discretion to stay a case. *Clinton v. Jones*, 520 U.S. 681, 705 (1997) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). Such discretion may be exercised even if the issues before the court are not controlling. *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F. 2d 857, 863-64 (9th Cir. 1979). It is "common practice" when pending civil and criminal actions stem from the same incident "to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Wallace v. Kato*, 549 U.S. 384, 394,

---

[1] Kern County Superior Court Case No. DF015108A.

(2007).  Whether a stay is prudent requires the court to balance whether "the [criminal] defendant's fifth amendment rights are implicated" and whether the interest of the civil plaintiff, the public, and the court favor a stay.  *Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902–03 (9th Cir. 1989).  This interest is calculated by examining the "particular circumstances and competing interests involved in the case."  *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995) (internal quotations omitted).

Here, Plaintiff proceeds on Eighth Amendment excessive use of force claims against Defendants Jackson, Smith, Rogan, Montoya, Rodriguez, Gonzalez, Johnson, and Magdaleno. (Doc. Nos. 1, 18, 21).  Plaintiff is facing criminal charges in relation to the same facts giving rise to the instant § 1983 Complaint, in particular a series of physical altercations between Plaintiff and Defendants on July 31, 2019.  (*See* Doc. No. 29 at 8-24).  Thus, Defendants request to stay the action out of concern about parallel criminal and civil proceedings.  (*See generally* Doc. No. 29).  Defendants note that the state case was scheduled for a readiness conference on February 8, 2024 and for trial on February 20, 2024.  (*Id*. at 4).

The Court finds a stay is warranted.  The facts underlying both the civil and criminal matters appear to stem from the same incidents.  Plaintiff's Fifth Amendment right against self-incrimination could be jeopardized if Defendant sought to depose Plaintiff under oath in the civil matter.  Thus, staying the case makes "efficient use of judicial resources by ensuring that common issues of fact will be resolved, and subsequent civil discovery will proceed unobstructed by concerns regarding self-incrimination."  *Taylor, Bean & Whitaker Mortg. Corp. v. Triduanum Fin., Inc.*, 2009 WL 2136986, at *4 (E.D. Cal. July 15, 2009) (internal quotations omitted). Further, as a "general matter the public's interest in the integrity of the criminal case is entitled to precedence over the civil litigant." *Acacia Corp. Mgmt., LLC v. United States*, No. 2008 WL 2018438, at *5 (E.D. Cal. May 7, 2008) (internal quotations omitted).  Significantly, a conviction in the parallel criminal case may be dispositive of this case.  *Heck v. Humphrey*, 512 U.S. 477 (1994) (prohibiting a § 1983 civil action for damages if it would render a conviction or sentence invalid).  Thus, a stay of these proceedings could prevent the unnecessary expenditure of resources and does not preclude plaintiff from proceeding on his claim when the criminal

proceedings are resolved. *See Wallace*, 549 U.S. at 393-94 (recommending court stay civil action until potentially conflicting criminal proceedings are complete).

Accordingly, it is **ORDERED**:

1. Defendants' Motion to Stay this case (Doc. No. 29) is GRANTED until further order by the Court.

2. During the stay no motions may be filed and no discovery may take place.

3. Defendants shall file a bi-monthly status report staring on March 15, 2024 to apprise the Court of the status of Plaintiff's parallel criminal action and any appeals thereof so the Court may determine whether the stay shall continue.

Dated:   February 20, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE