UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN LAVERN EDDINGTON JR., | Case No.  1:21-cv-01165-HBK (PC) |
| Plaintiff, | ORDER REFERRING CASE TO EARLY ADR |
| v. | DEADLINE TO OPT OUT DUE BY: |
| KELVIN JACKSON, et al., | October 13, 2026 |
| Defendants. | ORDER DRECTING PLAINTIFF TO FILE NOTICE OF CHANGE OF ADDRESS |

The Court previously stayed this action while Plaintiff 's parallel criminal action was pending. (Doc. 36).  On June 16, 2026, the Court lifted the stay after the Kern County District Attorney's Office dismissed the criminal case.  (Doc. 59).  This action now proceeds on Plaintiff's Eighth Amendment Excessive Use of Force claim against Defendants Jackson, Smith, Rogan, Montoya, Rodriguez, Gonzalez, Johnson, and Magdaleno.  (Docs. 1, 9, 26, 21).  Although Defendants have filed a waiver of service, they have not yet responded to the operative complaint has been filed.  (Doc. 27).

The Court refers all civil rights cases filed by pro se individuals to early Alternative Dispute Resolution (ADR) to try to resolve such cases more expeditiously and less expensively. *See also* Local Rule 270.  In appropriate cases, defense counsel from the California Attorney

General's Office has agreed to participate in early ADR.  No claims, defenses, or objections are waived by the parties' participation.

Attempting to resolve this matter early through settlement now would save the parties the time and expense of engaging in lengthy and costly discovery and preparing substantive dispositive motions.  The Court therefore will allow the parties an opportunity to investigate Plaintiff's claims, meet and confer, and engage in settlement discussions, or agree to participate in an early settlement conference conducted by a magistrate judge.  If after investigating Plaintiff's claims and meeting and conferring, either party finds that a settlement conference would not be productive, the party may opt out of the early settlement conference.

Since October 21, 2024, multiple Court orders to Plaintiff have been returned as undeliverable.  The Court previously advised Plaintiff that, under Local Rule 182(f), a pro se plaintiff must keep the Court informed of his current address. (Doc. 4 at 5:13-14).  The Court also warned Plaintiff that under Local Rule 183(b), if mail is returned as undeliverable and the party fails to file a change of address, the case may be dismissed for failure to prosecute. (*Id*. at 5:17-20).

The Court is mindful that Plaintiff, an inmate, may have been subject to transfer within the California Department of Corrections and Rehabilitation ("CDCR") in connection with the underlying, parallel state criminal proceedings, which can complicate his ability to timely file notices of change of address as required by the Local Rules.  As a one-time courtesy, the Court will direct the Clerk of Court to serve a copy of this Order on Plaintiff at his current address of record as identified on the CDCR inmate locator.

Notwithstanding this courtesy, Plaintiff remains obligated to comply with the Local Rules, including the requirement that each pro se party must file a notice of change of address within thirty (30) days after any change of address.  Local Rule 183(b).  Plaintiff must file a written notice of change of address within thirty (30) days of this Order and within thirty (30) days of any future transfer or change in his mailing address.  Failure to do so may result in dismissal of this action without further notice to Plaintiff.

////

2

Accordingly, it is ORDERED:

1. As a one-time courtesy, the Clerk shall mail a copy of this Order to Plaintiff at California State Prison, Corcoran, 4001 King Avenue, Corcoran, CA 93212.

2. Formal discovery of this action is STAYED to allow the parties an opportunity to pursue settlement.   Defendants may, but are not required, to, file a response to the operative complaint during the sta.  The parties may not file other pleadings or motions during the stay. While the parties may not engage in formal discovery until the Court issues a Scheduling and Discovery Order, they may engage in informal discovery as needed for settlement.

3. Within 120 days from the date on this Order, or no later than October 13, 2026, the parties shall file a notice if they object to proceeding to an early settlement conference or if they believe that settlement is not currently achievable.

4. If neither party has opted out of settlement by the expiration of the objection period, the Court will assign this matter by separate Order to a United States Magistrate Judge, other than the undersigned, for conducting the settlement conference.

5. If the parties reach a settlement prior to the settlement conference, they SHALL file a Notice of Settlement as required by Local Rule 160.

6. Within 30 days from the date on this Order, Plaintiff SHALL file a notice of his current address.

Dated:   June 15, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3