UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MELVIN LAVERN EDDINGTON, JR.,

Plaintiff,

v.

KELVIN JACKSON, et al.,

Defendants.

Case No. 1:21-cv-01165-HBK (PC)

ORDER DENYING PLAINTIFF'S SECOND MOTION FOR APPOINTMENT OF COUNSEL

(Doc. 68)

Plaintiff, a prisoner, proceeding pro se and *in forma pauperis*, moves for appointment of counsel a second time. (Doc. 68). Plaintiff proceeds on his first amended civil rights complaint. (Doc. 70). The Court denied his first motion for appointment of counsel on February 12, 2024, (Doc. 32).

Plaintiff seeks appointment of counsel based on his indigence, incarceration, enhanced outpatient status, his limited access to the law library, and limited legal knowledge. (Doc. 68 at 1). He also asserts that the case is complex, will require expert testimony, and involves opposing counsel who is biased and "does not respect" him. (*Id.*). He anticipates needing depositions, a jury trial, expert testimony concerning mental health issues, and cross-examination to address a "sharp conflict" in the testimony. He further asserts that his enhanced outpatient status prevents him from investigating his claims and interviewing eyewitness inmates. (*Id.* at 3).

As previously advised, there is no constitutional right to appointed counsel in a civil

action. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996). Under 28 U.S.C. § 1915(e)(1), however, the Court may request that an attorney represent an indigent litigant in "exceptional circumstances." *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). In determining whether exceptional circumstances exist, the court considers the litigant's indigence, the likelihood of success on the merits, and ability to articulate his claims pro se in light of the complexity of the legal issues. *See Palmer*, 560 F.3d at 970. No single factor is dispositive; the factors must be considered together.

Although Plaintiff is indigent, he has not shown exceptional circumstances. *Jones v. Chen*, 2014 WL 12684497, at *1 (E.D. Cal. Jan. 14, 2014). Limited legal knowledge, difficulty conducting discovery, and anticipated conflicts in testimony are challenges common to pro se litigants and do not, without more, establish exceptional circumstances. *Siglar v. Hopkins*, 822 F. App'x 610, 612 (9th Cir. 2020). Likewise, limited education, mental illness, and disability do not, standing alone, warrant appointment of counsel. *Jones v. Kuppinger*, No. 2:13-cv-0451-WBS-AC, 2015 WL 5522290, at *3–4 (E.D. Cal. Sept. 17, 2015). Similarly, restrictions arising from incarceration, including limited law library access and difficulties presenting evidence or cross-examining witnesses, also are common obstacles faced by prisoners. *Kiger v. Johnson*, No. 2:23-cv-1263-KJM-DB, 2023 WL 7024669, at *7 (E.D. Cal. Oct. 25, 2023).

To the extent Plaintiff relies on limited law library access, inmates with established court deadlines may apply for Priority Legal User ("PLU") status. Cal. Code of Regs. tit. 15, 3122(b). Inmates granted PLU status receive priority to prison law library resources. *Id.* Plaintiff has not shown that the legal issues are so complex that he cannot adequately present his claims without counsel. *Bonin v. Vasquez*, 999 F.2d 425, 428–29 (9th Cir. 1993). Nor does his assertions that opposing counsel is biased or disrespectful establish exceptional circumstance.

This case also remains at an early stage. Defendants have not responded to the first amended complaint, and the Court entered its Case Management Scheduling Order on October 20, 2026. The record is therefore insufficiently developed to assess Plaintiff's likelihood of success on the merits. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *see also Reed v. Paramo*, 2020 WL 2767358, at *1–2 (S.D. Cal. May 28, 2020) (concluding lack of fact

discovery rendered it too early to determine plaintiff's likelihood of success). Although the need for expert testimony or cross-examine may support appointment of counsel in some circumstances, *see Montgomery v. Pinchak*, 294 F.3d 492, 494 (3d Cir. 2002), it is not yet clear whether expert testimony will be necessary here.

Finally, Plaintiff has not sufficiently explained how his enhanced outpatient status or mental health conditions impair his ability to litigate this case. His general assertion that his status prevents investigation and witness interviews does not identify specific limitations that prevent him from presenting his claims. Plaintiff has filed motions and submitted a complaint that survived initial screening. On the present record, he has demonstrated an ability to articulate his claim despite the limitations he identifies.

Considering these factors together, the Court finds that Plaintiff has not established exceptional circumstances warranting appointment of counsel. Plaintiff may renew his request if circumstances change and he can make the required showing.

Accordingly, IT IS ORDERED:

Plaintiff's second motion for appointment of counsel (Doc. 68) is DENIED.

Dated: November 9, 2026

Helena M. Barch-Kuchta
HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE